IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRIAN KEITH TERRELL, | : | |
| Plaintiff | : | |
| VS. | : | NO. 5:05-CV-33 (WDO) |
| OFFICER JACKIE BEDSOLE, | : | |
| Defendant | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff BRIAN KEITH TERRELL is an inmate in the custody of the State of Georgia. He has sued defendant OFFICER JACKIE BEDSOLE, alleging that he violated plaintiff's constitutional rights because he does not deliver incoming and outgoing mail to and from inmates promptly. Plaintiff requests a temporary restraining order, preliminary injunction, and compensatory and punitive damages. Tab #1.

Pending before the court is the defendant's **MOTION TO DISMISS**. Tab #11. The plaintiff has filed a response to the defendant's motion. Tab #13. In entering this recommendation, the undersigned has carefully considered both the defendant's motion and the plaintiff's response.

### LEGAL STANDARD - MOTION TO DISMISS

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L.Ed.2d.

## DISCUSSION

In any Section 1983 action, the initial question presented to the court is whether the essential elements of a Section 1983 cause of action are present. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). It is essential that the conduct complained of deprive the plaintiff of rights, privileges or immunities guaranteed by the Constitution or laws of the United States. *Id.* In the present case, plaintiff TERRELL has not alleged that inmates do not receive their mail. He merely complains that mail is allowed to build up before it is delivered. While this may constitute an inconvenience, such conduct does not rise to the level of a constitutional denial or deprivation of rights, privileges or immunities as contemplated by 42 U.S.C. §1983. That is, plaintiff has alleged no action on the part of the defendant that violates any federally protected right.[1]

Accordingly, IT IS THE RECOMMENDED that the defendant's **MOTION TO DISMISS** (Tab #11) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

The Clerk is directed to serve plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 3rd day of MAY, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the present recommendation, the undersigned has declined to address the defendant's remaining arguments.